**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

    **v.**                                        **No. 16-cr-1099 MV**

**CORNELIA TOM TAPAHA,**

                **Defendant.**

## <u>ORDER</u>

**THIS MATTER** is before the Court on Robert J. Gorence's Letter to the Court, which the Court received yesterday, December 2, 2016, and on a pending matter in the United States' Sealed Opposed Motion in Limine to Admit Physical Evidence, Breath Alcohol Card, Photographs, Crash Reconstruction Animations and Diagrams, and Out-of-Court Statements (Doc. 63). Mr. Gorence is counsel for Ms. Cornelia Tom Tapaha, who is set for trial in this matter on Monday, December 5, 2016.

In his letter, Mr. Gorence requests that the Court reconsider two portions of its Memorandum Opinion and Order (Doc. 89), in which the Court granted the United States' Opposed Omnibus Motion *in Limine* (Doc. 22) (1) to exclude any claim of self-defense from voir dire, opening statements, and witness examinations and to prevent Ms. Tapaha from otherwise injecting the issue of self-defense into trial and (2) to exclude all evidence of John Doe's prior domestic abuse of Ms. Tapaha. Mr. Gorence notes that he will make an oral motion on Monday, December 5, 2016, before jury selection, for the Court to reconsider those two portions of its order. The Court construes Mr. Gorence's Letter as a Motion for Reconsideration of the Court's Memorandum Opinion and Order (Doc. 89).

1

For the reasons below, the Court GRANTS in part and RESERVES RULING in part on Mr. Gorence's Motion for Reconsideration of the Memorandum Opinion and Order (Doc. 89). The Court now GRANTS in part and DENIES in part the United States' Opposed Omnibus Motion *in Limine* (Doc. 22).

Specifically, the Court will: (1) allow counsel to inject the issue of self-defense into voir dire, opening statements, witness examinations, and elsewhere in the trial and (2) reserve ruling on Ms. Tapaha's proposed self-defense jury instruction.

Further, the Court will allow Ms. Tapaha to present relevant evidence of Mr. Doe's character under FED. R. EVID. 404(a) to the extent that such evidence conforms to FED. R. EVID. 405, and will allow Ms. Tapaha to proffer evidence about Mr. Doe's prior acts of domestic violence under FED. R. EVID. 404(b) following voir dire. In reviewing this evidence of prior acts of domestic violence, the Court will be cognizant of the highly prejudicial nature of the evidence and the risk that such evidence will cause confusion for the jury and create "mini-trials" on issues not related to the instant offense.

The Court notes further that depending on the evidence Ms. Tapaha introduces under FED. R. EVID. 404, the United States may offer evidence to rebut evidence introduced under 404(a) and offer evidence of Ms. Tapaha's same trait.

Finally, the Court has reviewed the crash animation that the United States proposes to introduce and reserves ruling on its admission until the United States lays a proper foundation for it. (Doc. 63.)

**BACKGROUND**

This case is set for trial on December 5, 2016. The Court described the factual and procedural background of the case in its December 1, 2016, Memorandum Opinion and Order. (Doc. 89.)

For purposes of deciding this Motion for Reconsideration, the Court recites in detail the information and arguments that it has received about Ms. Tapaha's proposed self-defense claim and John Doe's prior domestic abuse of Ms. Tapaha.

On August 31, 2016, the United States filed an Opposed Omnibus Motion *in Limine*, seeking, among other relief, to exclude any claim of self-defense (Doc. 22 at 2–6) and to exclude prior bad acts evidence of the victim, Mr. Doe (*Id.* at 6–8).

On September 13, 2016, Ms. Tapaha filed an Unopposed Motion for Extension of Time to Respond to the Government's Omnibus Motion *in Limine*. (Doc. 26.) In it, Ms. Tapaha's counsel explained that the Court-approved investigator conducted interviews of Mr. Doe and Ms. Tapaha's family members and that counsel anticipated using transcripts of the interviews to develop Ms. Tapaha's response to the United States' Omnibus Motion *in Limine*. (Doc. 26 at 1.)

The Court granted the Motion (Doc. 26) and allowed Ms. Tapaha's counsel an extension. (Doc. 34.)

On October 11, 2016, Ms. Tapaha filed her Response to the United States' Opposed Motion *in Limine*. (Doc. 44.) In it, Ms. Tapaha alleged the following based on transcripts from Gary Ainsworth's (the investigator) extensive interviews with Mr. Doe (Doc. 44-1) and Tamara Tapaha (Ms. Tapaha's sister) (Doc. 44-2) and apparently also based on information that Ms. Tapaha provided to her counsel. The Court recites the facts here as alleged by Ms. Tapaha,

crediting facts that were supported by testimony, rather than unsupported statements made by counsel, which would not have any evidentiary value at trial. *See United States v. Toledo*, 739 F.3d 562, 568 (10th Cir. 2014) ("[T]hough a defendant's testimony may be contradicted to some degree by other evidence or even by his prior statements, a defendant is entitled to an instruction if the evidence viewed in his favor could support his defense") (citing *United States v. Brown*, 287 F.3d 965, 976-77 (10th Cir. 2002)).

During their six-year relationship, Ms. Tapaha survived numerous episodes of domestic violence at the hands of Mr. Doe. (*Id.* at 1) (citing to Investigator's Interview with Mr. Doe, Doc. 44-1 at 1.) (Q: "The domestic violence, just to be clear, that was – you had attacked Cornelia, correct?" A: "Yes", Q: And can – can you describe some of those attacks to me. I mean, was it with fists or just – I just need to know the extent and nature of the past." A: "A couple of times with a fist and most of the times, it was just verbal, verbal and sometimes it got aggressive, and I ended up going to jail for it.")

Mr. Doe's violence against Ms. Tapaha followed a pattern. Mr. Doe "would become intoxicated, verbally taunt and threaten Ms. Tapaha, hit her with his fists or weapons, and only stop when the police came and took him to jail." (Doc. 44 at 1) (citing to Investigator's Interview with Mr. Doe, Doc. 44-1 at 3) (Mr. Doe would "taunt" Ms. Tapaha and would "possibly" physically threaten her.); *see also* (Investigator's Interview with Tamara Tapaha, Doc. 44-2 at 1–3) (describing instances in which Tamara Tapaha heard Mr. Doe "push[ing] Ms. Tapaha against the wall . . . tossed around the room, . . . slapped in the face . . . behind closed doors" and when Mr. Doe "hit her head pretty hard").

On the day of the alleged offense, Mr. Doe, Ms. Tapaha, and the other passenger in the car—Tamara Tapaha, Ms. Tapaha's sister—were intoxicated. Mr. Doe was driving initially. (Investigator's Interview with Mr. Doe, Doc. 44-1 at 2). Mr. Doe admitted that he and Ms. Tapaha argued in the car and he had caused an injury on Ms. Tapaha's cheek (Investigator's Interview with Mr. Doe, Doc. 44-1 at 3), but it is unclear in the record how he caused that injury. Indeed, in the transcript at least, Mr. Doe—who will testify on Ms. Tapaha's behalf—denied threatening her with the wrench. (*Id.* at 3.); (*see also* Investigator's Interview with Tamara Tapaha, Doc. 44-2 at 7.)

Eventually, Ms. Tapaha drove the car. She pulled over and Mr. Doe exited the car. He continued to threaten and taunt Ms. Tapaha. He pounded on the hood of the car and threatened her. According to Tamara Tapaha, Ms. Tapaha drove the car into him, "hit[ing] him on the side [after] she nudged him with the car first." Mr. Doe "started running and then that's when she backed up and then she ran over him[.]" (Investigator's Interview with Tamara Tapaha, Doc. 44-2 at 8–11.)

In her response, Ms. Tapaha proposed the Tenth Circuit Pattern Jury Instruction on self-defense:

> The defendant **CORNELIA TOM TAPAHA** has offered evidence that she was acting in self-defense.
>
> A person is entitled to defend herself against the immediate use of unlawful force. But the right to use force in such a defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.
>
> A person may use force which is intended or likely to cause death or great bodily harm only if she reasonably believes that force is necessary to prevent death or great bodily harm to herself.
>
> To find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt:

> *Either*, the defendant did not act in self-defense,
>
> *Or*, it was not reasonable for the defendant to think that the force she used was necessary to defend herself against an immediate threat.

(*Id.* at 2–3.)

Ms. Tapaha urged that her proffered witnesses, including Mr. Doe himself, would be able to provide testimony that would satisfy each element of the affirmative defense of self-defense. (*Id*. at 3.) Mr. Doe, she noted, had already admitted that he had a long history of domestic violence and abuse against Ms. Tapaha. Based on the pattern of domestic violence, Ms. Tapaha knew that any time Mr. Doe became intoxicated and taunted her and threatened her, she would not be able to stop the abuse until the police came to her aid. (*Id.* at 3.)

Ms. Tapaha further argued that on the date of the alleged offense, Mr. Doe menaced her with a wrench and struck her with it, using deadly force against her. Mr. Doe exited the vehicle. Given his state of intoxication at that point, he cannot remember what happened once he was outside the vehicle. Ms. Tapaha's sister, though, recalls that Mr. Doe was banging on the hood of the vehicle and advancing towards it. Ms. Tapaha sought to "thwart the onslaught of [Mr. Doe] by bumping him with the vehicle, but he did not stop." (*Id.* at 3.) Having already been assaulted with a deadly weapon—the wrench—and "too intoxicated to drive the vehicle any distance[,]" Ms. Tapaha feared that Mr. Doe, who was outside the vehicle and unrelenting in his menacing and banging on the hood, would inflict great bodily harm against her. (*Id.*)

Ms. Tapaha further urges that admitting testimony of Mr. Doe's many prior acts of domestic violence against her is necessary to show her knowledge and state-of-mind at the time of the alleged offense. (*Id.* at 4.) Specifically, Ms. Tapaha argues that "evidence of the past

domestic abuse [would] show that she understood the danger she was in and that she was familiar with [Mr. Doe's] pattern of abuse[ against her,]" described above. (*Id.*)

On October 21, 2016, the United States filed its Response to Ms. Tapaha's Reply. (Doc. 58.) In the Response, the United States noted that it disputes many of the facts that Ms. Tapaha alleged in her Reply, but urged that, even assuming all of Ms. Tapaha's allegations as true, Ms. Tapaha could not establish a prima facie case of self-defense. (*Id.*) Again, for purposes of deciding the instant Motion, the Court gives "full credence" to Ms. Tapaha's version of the facts and does not consider the United States' version of the facts.

On December 1, 2016, this Court granted the United States' Motion *in Limine* (Doc. 22). (Doc. 89). The Court indicated it its Motion Opinion and Order that it would later provide a more detailed Motion Opinion and Order with its justifications for its decision.

## DISCUSSION

**1. Upon reconsideration, the Court will allow Ms. Tapaha to discuss self-defense in voir dire, opening statements, witness examinations, and elsewhere in the trial, but will reserve its ruling on Ms. Tapaha's proposed self-defense jury instruction.**

In making the decision (1) to exclude any claim of self-defense from voir dire, opening statements, and witness examinations and to prevent Ms. Tapaha from otherwise injecting the issue of self-defense into trial and (2) to exclude all evidence of John Doe's prior domestic abuse of Ms. Tapaha, the Court relied on four grounds: (1) the unusually voluminous factual pretrial record in this case, giving full credence to the facts that Ms. Tapaha would offer in support of her claim to self-defense and not considering any of the facts disputed or offered by the United States; (2) Tenth Circuit case law on self-defense and a person's entitlement to a jury instruction on self-defense; and (3) the U.S. Supreme Court's decision in *U.S. v. Bailey*, 444 U.S. 394

(1980), on the apparent requirement of a prima facie showing for those who assert an affirmative defense.

First, with respect to the unusually voluminous record in this case, the Court gave full credence to the testimony offered in the record to support Ms. Tapaha's claim of self-defense—facts that are rehearsed in detail above. The Court did not consider any of the facts offered by the United States and considered all of the facts offered by Ms. Tapaha that were disputed by the United States. *See, e.g., United States v. Al-Rekabi*, 454 F.3d 1113, 1121 (10th Cir.2006) ("For the purposes of determining the sufficiency of the evidence to raise the jury issue, the testimony most favorable to the defendant should be accepted.") (internal quotations omitted); *United States v. Benally*, 146 F.3d 1232, 1236 (10th Cir. 1998) ("In reviewing the denial of a jury instruction, 'we must give full credence to defendant's testimony.'") (internal citations omitted). The Court discusses the unusually voluminous pretrial factual record at length above in this Order.

Second, the Court considered the Tenth Circuit case law on self-defense and a person's entitlement to a jury instruction on self-defense. The Tenth Circuit Pattern Jury Instruction on self-defense, as proposed by Ms. Tapaha, provides:

> The defendant **CORNELIA TOM TAPAHA** has offered evidence that she was acting in self-defense.
>
> A person is entitled to defend herself against the immediate use of unlawful force. But the right to use force in such a defense is limited to using only as much force as reasonably appears to be necessary under the circumstances.
>
> A person may use force which is intended or likely to cause death or great bodily harm only if she reasonably believes that force is necessary to prevent death or great bodily harm to herself.
>
> To find the defendant guilty of the crime charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt:

*Either*, the defendant did not act in self-defense,

*Or*, it was not reasonable for the defendant to think that the force she used was necessary to defend herself against an immediate threat.

10th Cir. Pattern Jury Instructions § 1.28 (2015); *see also United States v. Toledo,* 739 F.3d 562, 567 (10th Cir.2014) ("[a] person may resort to self-defense if [s]he reasonably believes that [s]he is in imminent danger of death or great bodily harm, thus necessitating an in-kind response."); *see also United States v. Corrigan*, 548 F.2d 879, 881–84 (10th Cir. 1977) (courts must provide clear instructions to the jury so that the jury understands "unless the government has established beyond a reasonable doubt that the defendant did not act in self-defense, the jury should find him not guilty.").

The Court recognized that the Tenth Circuit jurisprudence on the self-defense jury instruction clearly establishes a defendant's entitlement to an instruction on self-defense if the testimony most favorable to the defendant would allow the jury to find in her favor. *See, e.g., United States v. Butler*, 485 F.3d 569, 571 (10th Cir. 2007) ("If supported by the evidence and the law, a criminal defendant is entitled to jury instructions concerning his theory of defense."); *United States v. Toledo*, 739 F.3d 562, 567 (10th Cir. 2014) ("a defendant is entitled to an instruction on any recognized defense for which there is evidence sufficient for a reasonable jury to find in his favor") (internal citations omitted); *United States v. Butler*, 485 F.3d 569, 571 (10th Cir. 2007) ("If supported by the evidence and the law, a criminal defendant is entitled to jury instructions concerning his theory of defense[.]"). "A defendant's burden of production to warrant a self-defense instruction is not onerous. It requires only that there be evidence sufficient for a reasonable jury to find in his favor." *United States v. Barrett*, 797 F.3d 1207, 1218 (10th

Cir. 2015), *cert. denied*, 137 S. Ct. 36 (2016) (internal quotations and citations omitted). Moreover, after a person has raised the issue of self-defense, "[b]ecause the government must disprove a defense of self-defense beyond a reasonable doubt, *see Corrigan,* 548 F.2d at 883, it follows that the defendant need only produce enough evidence to persuade the jury to have a reasonable doubt about whether the defendant acted in self-defense. *See Toledo,* 739 F.3d at 568 ('a defendant is entitled to an instruction if the evidence viewed in [her] favor could support the defense')." *United States v. Barrett*, 797 F.3d 1207, 1218 (10th Cir. 2015), *cert. denied*, 137 S. Ct. 36 (2016).

Third, the Court also considered the United States Supreme Court's pronouncement in

*U.S. v. Bailey* that

> The requirement of a threshold showing on the part of those who assert an affirmative defense to a crime is by no means a derogation of the importance of the jury as a judge of credibility. Nor is it based on any distrust of the jury's ability to separate fact from fiction. On the contrary, it is a testament to the importance of trial by jury and the need to husband the resources necessary for that process by limiting evidence in a trial to that directed at the elements of the crime or at affirmative defenses. If, as we here hold, an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense.

444 U.S. at 416.

In making its ruling on the Motions *in Limine* about self-defense, and, relatedly, evidence about Mr. Doe's prior bad acts of domestic violence, the Court considered <u>only</u> the facts that Ms. Tapaha offered in support of her claim of self-defense and gave full credence to all of those facts. The Court did not consider any of the United States' disputes about the facts or its facts. In assessing only the most favorable facts to Ms. Tapaha, the Court found that Ms. Tapaha had not met the low threshold that would allow her to show that she had a reasonable belief that deadly

force was necessary. *See Bailey*, 444 U.S. at 416 (describing the requirement of a threshold showing on the part of people who assert an affirmative defense to a crime), *United States v. Toledo*, 739 F.3d 562, 568 (10th Cir. 2014) ("Self-defense only requires the defendant's reasonable belief that deadly force was necessary") (internal citation omitted).

However, the Court now views its December 1, 2016, ruling as premature. The Court understands, based on Mr. Gorence's letter, that Ms. Tapaha and Mr. Doe will present evidence beyond the evidence that is currently in the evidentiary record, which will show that Ms. Tapaha meets the threshold for a self-defense instruction. The Court also reads *Bailey* more narrowly than what the United States proposes. *Bailey* stands for the proposition that trial courts may exclude defenses of necessity or duress when those defenses cannot be proven as a matter of law, rather than for the view that defendants generally must make a *prima facie* showing of an affirmative defense before trial. *Bailey*, 444 U.S. at 416 (1980) ("If, as we here hold, an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense.").

Ms. Tapaha's right to present a robust and meaningful defense at a criminal trial is a fundamental right under our Constitution. *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense."). Were *Bailey* to stand for the broad proposition that defendants must give notice of all of their defense theories before trial and offer evidentiary proof of those theories before trial, we would unfairly shift the burden of proof in criminal cases from the United States to defendants like Ms. Tapaha. This Court has found no case law in the Tenth Circuit that would support the

view that *Bailey*'s pronouncement about a threshold showing would require defendants like Ms. Tapaha to make a pretrial prima facie evidentiary showing in order to develop a theory of self-defense at trial. Moreover, the Court understands that Ms. Tapaha may develop evidence at trial that is not currently clear from the pretrial record that would allow her to satisfy the low threshold for a jury instruction on self-defense and reserves ruling on that issue.

Accordingly, the Court now GRANTS in part and RESERVES RULING in part on Mr. Gorence's Motion for Reconsideration of the Memorandum Opinion and Order (Doc. 89). The Court now GRANTS in part and DENIES in part the United States' Opposed Omnibus Motion *in Limine* (Doc. 22). Specifically, the Court will: (1) allow counsel to inject the issue of self-defense into voir dire, opening statements, witness examinations, and elsewhere in the trial and (2) reserve ruling on Ms. Tapaha's proposed self-defense jury instruction.

**2. The Court will allow Ms. Tapaha to present relevant evidence of Mr. Doe's character under FED. R. EVID. 404(a), to the extent that such evidence conforms to FED. R. EVID. 405, and will allow Ms. Tapaha to proffer evidence about Mr. Doe's prior acts of domestic violence under FED. R. EVID. 404(b) following voir dire.**

In its December 1, 2016, Memorandum Opinion and Order, the Court excluded evidence of John Doe's prior domestic abuse of Ms. Tapaha. (Doc. 89.) The Court understood that the relevance of evidence depended on Ms. Tapaha's self-defense claim—a point that the United States recognized as well. (Doc. 22 at 6) ("the relevance of this evidence relies upon the validity of a self-defense claim.") Because the Court now GRANTS in part Mr. Gorence's Letter Motion for Reconsideration, and, as discussed above, will allow Ms. Tapaha to develop her theory of self-defense, the Court will allow testimony about Mr. Doe's character under FED. R. EVID. 404(a) to the extent that such evidence conforms to FED. R. EVID. 405. The Court will also allow Ms. Tapaha, following voir dire, to make a proffer of the evidence that she wishes to present

about specific instances of domestic violence under FED. R. EVID. 404(b). The Court will consider the proffered evidence—about specific instances of domestic violence—under the law in this Circuit.

It is the law in this Circuit that "a party may present testimony concerning specific instances of conduct only when 'character is in issue in the strict sense.' *Talamante*, 981 F.2d at 1156 (quoting *Perrin*, 784 F.2d at 1045). 'Character is directly in issue in the strict sense when . . . the existence or nonexistence of the character trait itself determines the rights and liabilities of the parties." *Perrin*, 784 F.2d at 1045 (quotation omitted); *see also United States v. Keiser*, 57 F.3d 847 (9th Cir.1995) ("The relevant question should be: would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense? If not, then character is not essential and evidence should be limited to opinion or reputation."); Weinstein's Fed. Evid. (2d Ed. § 405.05[3]); W. Strong, McCormick on Evidence, §§ 187, 193 (5th ed. 1999).2 Thus, '[w]hen character evidence is used circumstantially to create an inference that a person acted in conformity with his or her character, Rule 405 allows proof of character only by reputation and opinion.' *Talamante*, 981 F.2d at 1156." *United States v. Herder*, 59 F. App'x 257, 263–64 (10th Cir. 2003).

Moreover, "[t]here is ample precedent defining the circumstances and bounds for admitting evidence of a victim's violent character to prove a claim of self-defense. *See, e.g., United States v. Talamante*, 981 F.2d 1153 (10th Cir.1992) (specific instances of conduct not admissible to prove victim was first aggressor when character is used circumstantially); *United States v. James*, 169 F.3d 1210 (9th Cir.1999) (en banc) (corroborating evidence of victim's violence is admissible to establish defendant's credibility in self-defense claim); *United States v.*

*Keiser*, 57 F.3d 847 (9th Cir.1995) (victim's propensity for violence may only be offered by opinion or reputation testimony); *United States v. Greschner*, 647 F.2d 740 (7th Cir.1981) (evidence of victim's prior violent act is relevant to prove self-defense); *United States v. Burks*, 470 F.2d 432 (D.C.Cir.1972) (where self-defense raised and issue over who is aggressor, evidence of deceased's violent character is admissible and relevant though unknown to defendant)." *United States v. Yazzie*, 188 F.3d 1178, 1190 (10th Cir. 1999).

At this time, Ms. Tapaha's theory of self-defense appears to rest upon her claims that Mr. Doe had a history of violence against her and that on the day of the alleged offense, Ms. Tapaha was acting based on her knowledge of a "familiar pattern of abuse[.]" (Doc. 44 at 1–4.) Ms. Tapaha has proposed no expert testimony on domestic violence or expert testimony on Ms. Tapaha's own mental state. Rather, Ms. Tapaha asks to "offer testimony as to reputation and opinion [of Mr. Doe] pursuant to Rule 404(a) [and] specific instances of violence pursuant to Rule 404(b)." (Doc. 44 at 5.) The Court does not have enough information about how the evidence of the specific instances of domestic violence will be relevant in developing Ms. Tapaha's theory of self-defense. For this reason, and given the very prejudicial nature of the proposed evidence, the Court will Court will allow testimony about Mr. Doe's character under FED. R. EVID. 404(a) to the extent that such evidence conforms to FED. R. EVID. 405. The Court will also allow Ms. Tapaha, following voir dire, to make a proffer of the evidence that she wishes to present about specific instances of domestic violence under FED. R. EVID. 404(b).

The Court notes further that depending on the evidence Ms. Tapaha introduces under FED. R. EVID. 404, the United States may offer evidence to rebut evidence introduced under 404(a) and offer evidence of Ms. Tapaha's same trait.

**CONCLUSION**

On reconsideration, the Court GRANTS in part and RESERVES RULING in part on Mr. Gorence's Motion for Reconsideration of the Memorandum Opinion and Order (Doc. 89). The Court now GRANTS in part and DENIES in part the United States' Opposed Omnibus Motion *in Limine* (Doc. 22).

Specifically, the Court will: (1) allow counsel to inject the issue of self-defense into voir dire, opening statements, witness examinations, and elsewhere in the trial and (2) reserve ruling on Ms. Tapaha's proposed self-defense jury instruction.

Further, the Court will allow Ms. Tapaha to present relevant evidence of Mr. Doe's character under FED. R. EVID. 404(a) to the extent that such evidence conforms to FED. R. EVID. 405, and will allow Ms. Tapaha to proffer evidence about Mr. Doe's prior acts of domestic violence under FED. R. EVID. 404(b) following voir dire.

The Court notes further that depending on the evidence Ms. Tapaha introduces under FED. R. EVID. 404, the United States may offer evidence to rebut evidence introduced under 404(a) and offer evidence of Ms. Tapaha's same trait.

Finally, the Court has reviewed the crash animation that the United States proposes to introduce and reserves ruling on its admission until the United States lays a proper foundation for it. (Doc. 63.)

DATED this 3rd day of December, 2016.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

<table>
<tr><td>ROBERT J. GORENCE<br><em>Attorney for Cornelia Tom Tapaha</em><br>JUSTINE FOX-YOUNG<br><em>Attorney for Cornelia Tom Tapaha</em></td><td>JOSEPH MICHAEL SPINDLE<br><em>Assistant United States Attorney</em><br>NOVALINE WILSON<br><em>Assistant United States Attorney</em></td></tr>
</table>